In the matter of the petition of the executors of the estate of
GEORGE F. STENGEL to set off dower to his widow, Hattie
Oxley Stengel.

[Decided September 27th, 1917.]

On appeal from an admeasurement of dower under *2 Comp. Stat. p.*
*2050 § 21*, the court may where the report of the commissioners is illegal,
inequitable and unjust, set aside the report and appoint new commis-
sioners, or may admeasure the dower itself on the testimony taken before
the commissioners, or may proceed by any other method known to equity.

On application to confirm report of commissioners.  On excep-
tions to report.

*Messrs. Lintott, Kahrs & Young* (*Mr. Thomas J. Lintott*),
for the executors.

*Messrs. Stallman, Hoover & Peck* (*Mr. Maximilian M. Stall-
man*), for the widow.

LANE, VICE-ORDINARY.

This is an application to confirm a report made by commis-
sioners to set off dower under the provisions of the Revision of
1877, page 324.  *2 Comp. Stat. p. 2050 § 21.*  The deceased died
leaving lands in two counties, and application, therefore, was
made originally to the ordinary for the appointment of commis-
sioners.  Upon the coming in of the commissioners' report and
motion made to confirm, exceptions were filed.  Upon argument
being had, the report was sent back to the commissioners in
order that they might make a more complete statement of the
grounds upon which they had reached the result they did, and
also with power, if they saw fit, to change their report.  The re-
port now made, while more complete, leads to the same result
as the prior report and the present proceeding is upon motion
to confirm that report and exceptions thereto.

Some question was raised as to the power of the court and the proper practice in the premises. Where the lands lie in one county the commissioners are appointed under section 18 (*2 Comp. Stat. p. 2049*) by the orphans court, and their report, if approved and confirmed by the court, is entered at large by the surrogate on his records, "and all persons concerned therein shall be *concluded by the judgment or decree of the said court,* unless the same shall be set aside or reversed." From the judgment or decree of the orphans court an appeal is given to the ordinary "who shall review the proceedings, judgment or decree complained of, and do therein what shall be just."

In dealing with statutory provisions similar to these, the ordinary, *In the Matter of Ann Garrison, 15 N. J. Eq. 395,* said: "The design of the legislature in authorizing this mode of proceeding was doubtless to furnish a simple, economical and expeditious mode of assigning dower without resorting to the more formal and dilatory methods previously in use. The statute was not designed to affect, nor does it purport to affect, the legal rights or interests of the parties in the subject-matter, nor to deprive either party of any protection against an infringement of those rights. It was doubtless designed to leave the power of the court over the proceedings of the commissioners so broad and unlimited as to afford to all parties concerned as full protection of their rights as they were entitled to under the subsisting modes of procedure, either at law or equity. The court must have power, under the statute, to administer all the relief, legal or equitable, against an illegal or unjust assignment of dower to which the doweress or the tenant was previously entitled."

In that case the ordinary set aside the report of the commissioners. There is nothing to show what subsequent proceedings were taken.

It seems to me that the three sections of the statute, 19, 20 and 21 (*2 Comp. Stat. p. 2050*), must be read together, and that where the lands lie in several counties, the ordinary, upon motion to confirm the report, has the same power that he has upon appeal from the decree of the orphans court, and that

*88 N. J. Eq.*       In re Stengel's Estate.

power is to "review the proceedings, judgment or decree complained of, and do therein what shall be just."

It follows, therefore, that where a report is made which appears to the chancellor to be illegal or inequitable or unjust, the report may be set aside, new commissioners may be appointed, or the court may proceed itself to admeasure the dower upon the testimony taken before the commissioners or before the court, or it may proceed by any other method known to equity, as, for instance, by reference to a special master.

The report of the commissioners setting off the lands by metes and bounds will be set aside and decree will be admeasured by the court upon the testimony already taken and without further reference.